**Paul Vernon REED, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00044–CR.**

Court of Appeals of Texas,
Dallas.

Dec. 17, 1981.

Discretionary Review Denied
March 17, 1982.

Michael Greenberg, Dallas, for appellant.

Karen Chilton Beverly, Asst. Dist. Atty., Dallas, for appellee.

Before GUITTARD, C. J., and WHITHAM and GUILLOT, JJ.

GUITTARD, Chief Justice.

Paul Vernon Reed was convicted of carrying a handgun, a Class A misdemeanor. He appeals on the ground that he was denied a prompt trial in violation of the Speedy Trial Act, Tex.Code Crim.Pro.Ann. art. 32A.02 (Vernon Supp.1980–1981). We agree and reverse.

The decision turns on whether the State was required to show that it was ready for trial within the ninety days provided by the Act under the circumstances shown by this record. Appellant states that he was arrested on January 20, 1979. Under article 32A.02 section 2(a) the action was commenced on January 8, 1979, when the information was filed. A trial was set for February 12, 1979. On February 9, defense counsel made a written request for a postponement until April 27, 1979, and the case was postponed accordingly. On April 26 appellant moved to set aside the information because of the State's failure to comply with the Speedy Trial Act, and on April 27, appellant announced ready. The State, however, announced not ready, and no reason for its failure to be ready appears in the record. The trial was then reset for July 5, 1979, which, according to the court's finding, was the earliest date on which the court did not have a full docket of trials already set. On July 5 the State announced ready and appellant re-urged his motion to set aside the information. The court overruled the motion and proceeded to trial on that date. The total time elapsed was 178 days, of which 77 were attributable to appellant, leaving a net delay of 101 days not attributable to him.

The State contends that it was not required to announce ready on April 27 because at that time only 32 days of the statutory ninety had elapsed. It insists that the delay from April 27 until July 5 was not attributable to its failure to be ready within the ninety-day period, but

rather to congestion of the court's docket, which should be considered an "exceptional circumstance" justifying the delay within subsection 4(10) of article 32A.02.

We cannot agree. A delay attributable solely to the court's crowded docket may be an "exceptional circumstance." *See Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App. 1979); *Ordunez v. Bean*, 579 S.W.2d 911 (Tex.Cr.App.1979). In *Barfield, supra*, the State announced ready at the time of trial *and further stated that it had been ready* within the statutory time period. In *Ordunez, supra*, the State filed an announcement of ready two days after the time period prescribed by article 32A.02 began to run. In both *Barfield, supra* and *Ordunez, supra*, the delay was attributable solely to the judicial process—the congested condition of the court's docket—and not to the prosecutor's negligence. Here the postponement was not attributable to congestion of the docket because the court was available on April 27. The State was not ready and made no showing that it would be ready at *any time before expiration of the ninety-*day period. Under *Barfield* when appellant re-urged his motion to dismiss, the State had the burden to make a prima facie showing of compliance with the Act, at least by declaring that it was ready then and that it was ready within the period required by the Act. This it failed to do.

We hold that when a trial is set within the ninety-day period, but is postponed to a date after expiration of the ninety days because the State announces not ready, without any showing in the record of a justifying circumstance recognized by the Act, or any indication the State was ready at any time before expiration of the ninety-day period, the delay is attributable to the State rather than to docket congestion; therefore, the defendant is entitled to be discharged.

Reversed and dismissed.