**Leroy James JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–82–312CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 21, 1983.

Aaron Bullock, Houston, for appellant.

J. Sidney Crowley, Wilford Anderson, Asst. Dist. Atty., Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

JUNELL, Justice.

Appellant was convicted by a jury of aggravated robbery. The court assessed punishment at twelve years confinement in the Texas Department of Corrections. In his sole ground of error, appellant contends the trial court erred in refusing to set aside the indictment because of the state's failure to comply with the Texas Speedy Trial Act, TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp. 1982–1983). We affirm.

Article 32A.02, § 1(1) requires a court to grant a motion to set aside an indictment if the state is not ready for trial within 120 days of the commencement of a criminal felony. Section 4 of the same article provides that in computing the time by which the state must be ready for trial, there shall be excluded a period of delay resulting from the absence of the defendant because his location is unknown and the state has been unable to determine his location by due diligence.

Following a pre-trial hearing the trial court overruled appellant's motion to set aside the indictment. The questions for decision here are whether in the pre-trial hearing there was sufficient evidence that (1) the delay in proceeding to trial resulted from the appellant's absence because his location was unknown and (2) the state had exercised due diligence in attempting to locate him.

At the hearing the state offered the testimony of two Harris County Sheriff's Department detectives and certain documents. The evidence is summarized as follows:

The aggravated robbery with which appellant was charged occurred on April 12, 1981. Detective Bockel started investigating on April 14. The complainant had furnished Bockel a license number for the car in which the robber drove away from the scene of the robbery. Bockel checked the license number and learned the license had been issued to Billie Boudreaux. He telephoned Ms. Boudreaux at her mother's house, located at 2220 Lockwood, Houston; she verified that the license number was still on her car, a brown Lincoln. Bockel then ran a background check on Billie Boudreaux and learned that her correct name was Billie Boudreaux Jackson and that she was married to appellant. A driver's license check on appellant disclosed his address as 4603 Smooth Oak. Bockel obtained a photograph of appellant and on May 12, 1981, had complainant look at a photograph spread of six diffferent persons, including appellant. The complainant identified appellant as the robber, and Bockel went to the District Attorney's office and had charges filed against appellant on May 13. An arrest warrant, issued on May 14, showed appellant's address to be 4603 Smooth Oak or 2220 Lockwood. Detective Bockel also ran another check on Billie Boudreaux and turned up the address of 3426 Ebbtide. On May 14, Bockel went to both 4603 Smooth Oak and 3426 Ebbtide and learned that appellant no longer lived at either place and that one Theo Longer was living at the Smooth Oak address. On May 14 and May 15, Bockel went to the 2220 Lockwood neighborhood and talked with several unidentified people who told him appellant did not live at 2220 Lockwood. On the night of May 15, Bockel called the warrant division of the Sheriff's department and told him that he was unable to serve the arrest warrant. The warrant division had all pertinent information entered into the computers of the National Criminal Information Center and the Texas Criminal Information Center. Bockel made no further effort to locate appellant after May 15, 1981. Bockel admitted that after he learned that Billie Boudreaux Jackson was the wife of appellant, Bockel never recontacted Billie Boudreaux Jackson and never asked her where appellant could be located. Appellant was indicted on May 21, 1981. A sheriff's department record showed another attempt to serve the warrant on June 18, 1981, and the notation "bad address" as the result of that attempt to serve the warrant. Detective Henderson of the Harris County

Sheriff's Department testified that such an entry on the record would refer to the address listed on the arrest warrant and would mean that on June 18, 1981, appellant was not at that address and there was no information leading the officer to believe the appellant lived there then or within the recent past.

On October 4, 1981, the Harris County Sheriff's Department received a teletype from Freestone County advising that the authorities there had appellant in custody. On the same date the Harris County Sheriff's Department sent a teletype to the Sheriff of Freestone County placing a detainer or hold on appellant. Appellant was returned to Harris County on November 23, 1981.

At the pre-trial hearing, appellant testified that in April 1981, he resided at his mother-in-law's house at 2220 Lockwood but later changed that testimony and said that he and his wife had bought their own house at 4603 Smooth Oak on March 3, 1981. Then later he said that in April and May 1981, his wife was staying part time at 2220 Lockwood because she had a broken leg. Appellant also testified that in 1981 he worked as a truck driver for Atlas Truck Lines, was on the road outside of Houston 85% of the time and was on the road on his job in April and May of 1981.

We hold the foregoing evidence is sufficient to support the trial court's overruling of appellant's motion to dismiss the indictment. The trial court was authorized to conclude from the foregoing evidence that the period of time from May 13, 1981, the date of the filing of the complaint against appellant, up until October 4, 1981, when Harris County was advised appellant was in custody in Freestone County, should be excluded in computing the time by which the state was required to be ready for trial. Also the trial court was authorized to conclude from the evidence that the period of time from October 4, 1981, up until November 23, 1981, when appellant was returned to Harris County, should also be excluded in computing the time by which the State was required to be ready for trial because appellant was then detained in Freestone County and the state had exercised due diligence to obtain his presence for trial. This latter period of time would be excluded under section 4(9) of article 32A.02. The case went to trial on February 17, 1982, which was less than 120 days after November 23, 1981. This complied with the requirements of the Texas Speedy Trial Act. The two cases relied on by appellant, *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979), and *Reed v. State,* 629 S.W.2d 105 (Tex. App.—Dallas 1982, pet. ref'd), are not on point. Appellant's one ground of error is overruled and his conviction is affirmed.