**Billy Ray KNOX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00127–CR.**

Court of Appeals of Texas, Dallas.

Jan. 6, 1982.

Donald A. Parks, Greenville, for appellant.

Jerry S. Davis, Dist. Atty., Greenville, for appellee.

Before GUITTARD, C. J., and STEPHENS and VANCE, JJ.

VANCE, Justice.

Appeal is from a conviction for burglary of a habitation where the jury assessed punishment at five years. Appellant contends that the State did not comply with the Speedy Trial Act, Tex.Code Crim.Pro. Ann. art. 32A.02 (Vernon Supp.1980). We agree and therefore, reverse.

The Speedy Trial Act provides that where a felony is charged a court shall grant a motion to set aside an indictment if the State is not ready for trial within 120 days of the commencement of the criminal action. Art. 32A.02 Sec. 1(1). A criminal action commences when the accused is arrested if he is arrested before the indictment is filed in court. Art. 32A.02 Sec. 2(a). Appellant was arrested on February 8, 1979; the indictment was returned on March 29, 1979. Therefore, for purposes of the Speedy Trial Act, the criminal action commenced on February 8, 1979, the date of the arrest. The record shows that arraignment was set for April 9, 1979. The appellant failed to appear on April 9, 1979 and a bond forfeiture was taken. The appellant appeared in court on April 11, 1979, was taken into custody, and was released on

bond again on April 17, 1979. The case was called for trial on July 24, 1979, which was 166 days after the criminal action commenced. Excluding the delay of three days, from April 9, 1979 to April 11, 1979, which was attributable to appellant's failure to appear in court, the *net* time from arrest to trial was 163 days.

Appellant invoked the Speedy Trial Act by filing a pretrial motion to set aside the indictment, which the court considered at a pretrial hearing on July 24, 1979. The record shows that both sides announced ready on July 23, 1979. In an attempt to show that the State had been ready within the time limits of the Speedy Trial Act the prosecutor stated to the court:

> The court can take judicial knowledge that the standard practice in this court for the Court to call for an announcement at the arraignments by the State, and the State always announces ready, Your Honor, because the Court always calls for announcements.

At the conclusion of the hearing the court overruled the motion. The court did not make any findings of fact or conclusions of law.

In *Barfield v. State*, 586 S.W.2d 538 (Tex. Cr.App.1979) the court held that once the defendant asserts his right to a speedy trial, the State must declare its readiness then and *at the times required by the act.* (Emphasis added). We conclude that in the present case the State failed to make a prima facie showing that it was ready for trial within the 120 day statutory period. The request by the State, set out above, for the court to take judicial notice of the standard practice used by the State in making announcements of ready was *not* sufficient to establish that the State was, in fact, ready on any previous day. Additionally, the record fails to indicate when, if ever, there was an arraignment in this case.

The State offered no evidence to show why it was not ready within the 120 day period prescribed by Article 32A.02 so as to bring it within any of the exceptions to the Speedy Trial Act. Consequently, the appellant was entitled to have the indictment

dismissed. *Barfield v. State, supra; Turner v. State*, 545 S.W.2d 133 (Tex.Cr.App.1977).

The judgment is reversed and the prosecution ordered dismissed and the appellant discharged under the terms of the Speedy Trial Act.