**Darla Jean OSTOJA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61834.**

Court of Criminal Appeals of Texas, Panel No. 3.

April 14, 1982.

Allan M. Stafford, Garland, for appellant.

Henry Wade, Dist. Atty., Karen Chilton Beverly, and Marion B. Jenkins, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and TEAGUE, JJ.

## OPINION

TEAGUE, Justice.

Appellant appeals her conviction by a jury for committing the misdemeanor offense of theft of at least $5.00 but less than $20.00. Her punishment, assessed by the trial court, was three days' confinement in the Dallas County jail, and a fine of $350.00 plus court costs; all of which was ordered probated by the trial court.

We first announce: This is another speedy trial case. See Chapter 32A, V.A.C. C.P.; Art. 32A.02, V.A.C.C.P.

■ An accused person in Texas is guaranteed two constitutional speedy trial rights: (1) a Federal Constitutional right guaranteed by the Sixth Amendment to the United States Constitution, which right is applicable to the States through the Fourteenth Amendment, see *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967); *Dickey v. Florida*, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970); *Thomas v. Stevenson*, 561 S.W.2d 845 (Tex. Cr.App.1978), and (2) a Texas Constitutional right, guaranteed by Art. 1, Sec. 10, Texas Constitution, see *Fariss v. Tipps*, 463 S.W.2d 176 (Tex.Sup.Ct.1971). Additionally, an accused person in Texas has the statutory right to have his cause dismissed if there has been delay, as set out by the provisions of Art. 32A.02, V.A.C.C.P. The statutory right of a defendant to have a motion to dismiss the charge is, however, not an absolute or automatic right but is a conditional right prefaced upon a defendant meeting certain prerequisites, i.e., specifically, a defendant must show that the prosecutor was not ready for trial within certain designated periods of time, which periods of time are dependent upon how the crime is classified or by what punishment may be imposed for a particular criminal act.[1]

Appellant does not claim a violation of either her Federal or State Constitutional rights; claiming on appeal only that the trial court erred in not granting her motion to dismiss, which was filed and brought pursuant to the provisions of Art. 32A.02, V.A.C.C.P.

■ The Texas Speedy Trial Act became effective on July 1, 1978. Therefore, any time which elapsed prior to that date is not to be considered, i.e., the time limits specified in Art. 32A.02, Sec. 1, V.A.C.C.P., run only from July 1, 1978. *Wade v. State*, 572 S.W.2d 533 (Tex.Cr.App.1978). The date of the appellant's offense was August 12, 1977. The record on appeal reflects that a formal criminal charge was not filed until August 23, 1977. We will, therefore, exclude from consideration any time prior to July 1, 1978.

Since the effective date of the Act, this Court has had, as have our now intermediate criminal courts, several occasions to interpret the provisions of the Act. Interestingly, our research reveals that only in three cases have defendants of this State been successful on appeal in urging the same claim appellant makes. See *Pate v. State*, 592 S.W.2d 620 (Tex.Cr.App.1980); *Reed v. State*, 629 S.W.2d 105 (Tex.App. —Dallas 1981); *Knox v. State*, 629 S.W.2d 134 (Tex.App.—Dallas 1982); *Justice v. State*, (Tex.App.—Dallas, CR No. 05–81– 00444, 1982).

Before discussing the merits of the appellant's contention, we find that it is first necessary to make a few preliminary statements regarding this Court's interpretation of the Speedy Trial Act.

■ The Act addresses itself to prosecutorial delay rather than the judicial process as a whole. *Barfield v. State*, 586 S.W.2d 538, 541 (Tex.Cr.App.1979). The Act does not make it mandatory that a cause must be tried within the allowed period of time. The Act's provisions only become activated when a defendant presents a motion to set aside a charging instrument for failure of the prosecution to comply with the provisions of the Act. *Frairie v. State*, 588 S.W.2d 789 (Tex.Cr.App.1979). If the prosecution makes an announcement of ready within the allowed period of time, and there is no challenge to this announcement to show otherwise by an accused, it is presumed that the State was ready when it made its announcement. *Frairie*, Id., 791.

■ This Court has also reasoned that Sec. 4(10) of the Act, which excludes from

---

1. Appellant's offense was a Class B misdemeanor, which carried a maximum possible punishment of up to 180 days' confinement in jail and a fine up to $1,000. See V.T.C.A.Penal Code, Sec. 31.03(d)(2)(A); Sec. 12.22. By the terms of Art. 32A.02, Sec. 1(3), V.A.C.C.P., the State would have had 60 days from the commencement of the criminal action, or August 23, 1977, to be ready for trial, had the Act then been in effect. See *infra* however.

computation of time, "any other reasonable period of delay that is justified by exceptional circumstances," applies to overcrowded dockets of our trial courts. *Ordunez v. State*, 579 S.W.2d 911 (Tex.Cr.App. 1979); *Barfield v. State*, supra.

It would appear that if the permanent judge of a trial court was unable to sit because of illness or other incapacity, which disability existed only for a reasonable period of time, that this would also be an exceptional circumstance, thus excluding from consideration the period of time of the disability. See 78 A.L.R.3d 297.

By the terms of the Act, the State was allowed in this cause 60 days to be ready for trial. If we commence the time period of July 1, 1978, the State had to be ready for trial not later than August 30, 1978.

■ However, there was an intervening cause that delayed the appellant's trial from at least July 10, 1978, until August 24, 1978; the regular duly elected judge of the appellant's trial court resigned his office.

From July 10, 1978, until August 24, 1978, the County Criminal Court at Law No. 3 of Dallas County was without a duly elected or appointed permanent judge. The former duly elected judge of that court had resigned his office effective July 10, 1978, for reasons not stated in the record. This "vacancy" lasted until September 19, 1978, when Hon. Michael E. Schwille was appointed to be the permanent judge of that court. In the interim, several "retired" judges manned the judge's seat of that court. However, the record reflects that during that period of time the "retired" judges did not handle or dispose of any contested causes.[2] The record demonstrates that whenever the appellant appeared in court she always made it known to all concerned that her cause was going to be a contested cause, which contest did finally culminate in a jury trial, which brought on this appeal.

Based upon the above, e.g., *Barfield*, supra, we find that we must exclude the period of time from July 10, 1978, through August 23, 1978, or a total of 45 days, for we find that this period of time resulted from exceptional circumstances. Sec. 4(10), *supra*.

We also find that the delay during this period of time was neither unreasonable nor oppressive nor purposeful on the part of the prosecution. E.g., *Hamilton v. State*, 621 S.W.2d 407 (Tex.Cr.App.1981). It was an exceptional circumstance under the statute, and therefore excludable from the mandated 60 day period of time.

Excluding the period of time from July 10, 1978, through August 23, 1978, means that the State was required to be ready for trial not later than October 12, 1978.

We also find from the record on appeal that the appellant herself has personally contributed to some of the delay after August 23, 1978, because of her unexcused absences from court. Without agreeing with the State as to the amount of time which should be counted against the appellant, we find that the amount of time far exceeds the necessary five days needed by the State to comply *at a minimum* with the provisions of the Act.[3] See Sec. 4(4) of the Act, *supra*.

The judgment is affirmed.

DALLY, J., concurs in the result.

---

2. The record on appeal appears to be in error. Recently, in a per curiam opinion, *Herrod v. State*, 632 S.W.2d 364 (Tex.Cr.App.1982), this Court was confronted with a contested nonjury cause from this same court.

3. In so holding this eliminates the necessity of this Court considering the effects of any announcements of "ready" by the prosecution, or of the reasons appellant gave for not being present when her cause was on the docket of the court. We also note that the appellant did not contend in the trial court, nor does she on appeal, that there was anything illegal about the "visiting" judges sitting when the permanent judge's seat was vacant.

Although the record on appeal reflects that a "retired" district judge acted during the pre-trial stages of appellant's cause, the record does not reflect anything occurring which would have a bearing on the disposition we make of appellant's cause. Cf. *Herrod*, supra, where the "retired" district judge was the presiding judge of that defendant's trial, and a panel of

---

this Court ordered the conviction reversed because "the record fails to show that the judge presiding over this case was duly qualified and acting."