**Jessie Flores SANTIBANEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–82–012–CR.**

Court of Appeals of Texas, Eastland.

Oct. 21, 1982.

**540**

Edward Paynter, Abilene, for appellant.

Jorge A. Solis, Crim. Dist. Atty., Abilene, for appellee.

McCLOUD, Chief Justice.

This is an appeal from a voluntary manslaughter conviction wherein appellant's punishment was assessed at imprisonment for ten (10) years.

In a single ground of error, appellant argues that the trial court erred when it overruled his motion to dismiss the indictment because the State failed to comply with TEX.CODE CRIM.PRO.ANN. art. 32A.02, TEXAS SPEEDY TRIAL ACT (Vernon Supp.1982).[1] We disagree.

Jessie Portillo was killed on April 25, 1981, and appellant was arrested on that date for Portillo's murder. Appellant was released on bond on April 27, 1981. On May 8, 1981, appellant was indicted in

Cause No. 6794–B for the April 25th murder of Portillo. The indictment alleged that appellant killed Portillo by "shooting him with a gun." On August 11, 1981, the State filed its first motion for continuance in Cause No. 6794–B. The State urged in its motion that Cause No. 6794–B was set for trial, along with 27 other felony cases, for August 17, 1981, and that at least 20 other defendants were in custody in the Taylor County jail and must be tried the week of August 17th. The district attorney also stated in the motion for continuance that she had been interviewing applicants to fill two vacant positions in the District Attorney's office, and that the vacancies had increased the burden on the remaining staff. On August 14, 1981, following a hearing, the court granted the State's motion and reset the case for trial for October 13, 1981. While preparing for the October 13th trial date, the State discovered that the indictment in Cause No. 6794–B contained an incorrect allegation. The State brought the matter to the attention of appellant's attorney and the court. Appellant's attorney refused to go to trial on the complaint and information. On October 9, 1981, appellant was reindicted in Cause No. 6950–B, for the April 25, 1981, murder of Portillo. The new indictment alleged that appellant killed Portillo by "stabbing him with a knife." The court, on October 9, 1981, dismissed, on the State's motion, the original indictment in Cause No. 6794–B, because of a "Faulty Indictment." There is evidence that the State was ready for trial on October 13, 1981, in Cause No. 6950–B, but the appellant refused to waive the "ten days to prepare for trial." See TEX.CODE CRIM.PRO.ANN. art. 27.12 (Vernon 1979). The only difference in the two indictments are the descriptive averments as to the means used by appellant to kill Portillo on April 25, 1981. The reindictment relates to the same transaction. It is the same offense.

On January 6, 1982, following a pretrial hearing, the court overruled appellant's

---

**1.** Art. 32A.02 provides that a court shall grant a motion to set aside an indictment if the State is not ready for trial within 120 days of the commencement of a felony criminal action.

motion to dismiss the indictment in Cause No. 6950–B. At that hearing, the district attorney testified that she was ready for trial on October 9, 1981, and at all times thereafter.

Appellant argues that since the indictment in the instant case, No. 6950–B, was not returned until October 9, 1981, 168 days after appellant was arrested on April 25, 1981, the State could not have been ready in this case within the 120-day time period required by the Speedy Trial Act. We disagree. In *Pate v. State*, 592 S.W.2d 620 (Tex.Cr.App.1980), cited by appellant, the defendant was not indicted within the 120-day period. The court first noted that the State failed to announce that it was ready at the hearing and that it had been ready within the 120 days from July 1, 1978. Further, the State offered no evidence to bring it within any of the exceptions to the Speedy Trial Act. In the instant case, the appellant was first indicted on May 8, 1981, in Cause No. 6794–B for the murder of Portillo. The second indictment involved the same transaction and offense. The reindictment merely changed the descriptive averment as to the means used by the appellant in killing the deceased. The crowded condition of the docket was an exceptional circumstance which justified excluding the period from August 14, 1981, to October 13, 1981, from the 120-day time period.[2] The district attorney and the trial judge presented evidence showing the overcrowded condition of the court's docket at the time the court granted the State's motion for continuance. *Ordunez v. Bean*, 579 S.W.2d 911 (Tex.Cr.App. 1979); *Ostoja v. State*, 631 S.W.2d 165 (Tex.Cr.App.1982).

We hold that appellant did not demonstrate that the State was not actually ready for trial within the time limitations of the Act. *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979).

*Richardson v. State*, 629 S.W.2d 164 (Tex.App.—Dallas 1982, pet'n ref'd), cited

by appellant, is distinguishable. *Richardson* was not a reindictment case. There, the court noted that the defendant had been indicted for the offense of "theft" and also indicted for the offense of "burglary of a vehicle." The court observed that the two cases involved different "offenses" subject to different proof, and were not the "same case" even though they were from the same transaction. Therefore, the announcement of ready in one case would not apply to the other case.

The judgment is affirmed.

2. TEX.CODE CRIM.PRO.ANN. art. 32A.02, sec. 4(10) (Vernon Supp.1982) provides that a reasonable period of delay that is justified by exceptional circumstances shall be excluded in computing the time in which the State must be ready for trial.