Jack C. Ogg, Mark D. Davidson, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and George McCall Secrest and Paul Newis, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

**Carlton Arnold BUXTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63868.**

Court of Criminal Appeals of Texas,
En Banc.

Feb. 16, 1983.

Rehearing Denied March 23, 1983.

## OPINION

CLINTON, Judge.

Indicted for the offense of aggravated promotion of prostitution,[1] appellant was

---

1. V.T.C.A. Penal Code, § 43.04(a) provides that a person commits an offense if he knowingly owns, invests in, finances, controls, supervises, or manages a prostitution enterprise that uses two or more prostitutes. The indictment was drawn from the statute, but the scrivener inserted "*rents*" between "owns" and "invests in." (All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.) Though we have not found any approved source of such an allegation, it is of no moment since in its charge to the jury the trial court defined this feature of the offense as "knowingly controls, supervises or manages a prostitution enterprise."

found guilty of promotion of prostitution[2] by a jury which assessed the maximum punishment allowed for a Class A misdemeanor.

Challenging his conviction, appellant presents two grounds of error which implicate the validity of V.T.C.A. Penal Code, § 43.06(d): "A conviction under this subchapter [A. Prostitution] may be had upon the uncorroborated testimony of a party to the offense." Thus, a recitation of pertinent facts of the matter is not required. Suffice to say that the evidence adduced by the State consisted of testimony from three professed prostitutes that they gave proceeds of their sexual engagements to appellant, and introduction of a photograph of appellant. In short, other than complementing the testimony of each other, there was no independent corroboration of their evidence.

■ The first ground of error attacks the constitutionality of the statute "in that the enactment of Section 43.06(d)... violated the requisites of Article III, Section 35, of the Constitution of the State of Texas."[3] The caption to Senate Bill 34 reads:

> "An Act reforming the penal law; enacting a new penal code setting out general principles, defining offenses, and affixing punishments; making necessary conforming changes to outside law; repealing replaced law; and declaring an emergency."

For a "code" the captional language is adequate to inform its reader that the proposed act "necessarily involves many different kinds of individual provisions" having "logical relationship to the general subject," and it is also "broad enough to put any reasonable caption reader on notice that he will find new matter in the body of the bill," *Ex parte Jimenez,* 159 Tex. 183, 317 S.W.2d 189, 194 (1958); *Beck v. State,* 583 S.W.2d 338, 345–346 (Tex.Cr.App.1979). The first ground of error is overruled.

■ Secondly, appellant contends more or less alternatively that, if § 43.06(d) be upheld and its essence properly included in the charge, a trial court should further admonish the jury with a cautionary instruction against excessive reliance on uncorroborated accomplice testimony, similar to that which a federal judge may give when commenting on the weight of the evidence. Thus he complains that the trial court erred in refusing to include one of his requested charges in that respect. The contention is without merit, so there was no error in not informing the jury of "the nature of accomplice testimony," as requested.

Section 43.06, we are told, was copied from the gambling chapter, for there was nothing like it in the prostitution chapter of the former code. Practice Commentary following § 43.06. See § 47.09, subsection (d) of which is practically a mirror image of § 43.06(d). We agree with the Beaumont Court of Appeals that since such a charge would amount to an expression as to the weight of evidence, it would be improper for a trial court to instruct a jury that testimony by an accomplice should be received with caution and scrutinized closely. *Powell v. State,* 624 S.W.2d 818, 819 (Tex. App.—Beaumont 1981). Therefore we overrule the second ground of error.

The judgment is affirmed.

---

2. V.T.C.A. Penal Code, § 43.03(a) provides that a person commits an offense if, "acting *other than* as a prostitute receiving compensation for personally rendered prostitution services," he (1) knowingly receives money or other property pursuant to an agreement to participate in proceeds of prostitution or (2) solicites another to engage in sexual conduct *with another for* compensation. The charge of the trial court submitted to the jury only the first manner of committing the offense of promotion of prostitution. See generally *Garrett v. State,* 566 S.W.2d 605, 607–608 (Tex.Cr.App.1978).

3. "No bill... shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall only be void as to so much thereof, as shall not be so expressed."