**Donald Anthony BEDDOE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–82–830–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 5, 1984.

Discretionary Review Granted Nov. 21, 1984.

Roy L. Fuller, Daniel Prashner, Houston, for appellant.

Calvin Hartmann, Janet Militello, Intern, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

OPINION

MURPHY, Justice.

This is an appeal from a conviction for burglary of a habitation with intent to commit theft pursuant to Tex. Penal Code Ann., § 30.02 (Vernon 1974). Trial was to a jury which assessed punishment at ten (10) years in the Texas Department of Corrections.

Appellant's sole ground of error contends the trial court erred in overruling his motion to dismiss the indictment on the ground that he was denied his right to a speedy trial.

The evidence adduced at trial reveals that Modesto Botas's apartment was burglarized on September 5, 1980. A felony complaint charging appellant with burglary of a habitation and theft was filed on September 27, 1980. Both parties stipulated

that September 27, 1980 was the date of commencement of the criminal action under the provisions of the Speedy Trial Act, Tex. Code Crim.Pro.Ann., art. 32A.02 (Vernon Supp.1982–1983). A warrant was issued on that same day and the Houston Police Department delivered the warrant to the Harris County Sheriff's Department. Carolyn Pollock, a records custodian employed at the Harris County Criminal Warrants Division, testified that the warrant was entered into the T.C.I.C. and N.C.I.C. Networks, but that no other attempts to serve the warrant were made by the Warrant Division. On October 6, 1980 appellant was indicted. However, appellant was not arrested until July 2, 1982 when he was picked up for a traffic violation in Pecos, Texas. At that time the Sheriff's Department sent a telecopy of the warrant to the Department of Public Safety in Pecos to expedite appellant's arrest. It is undisputed that the state was not ready for trial within the 120 days time frame prescribed by the Speedy Trial Act, Tex.Code Crim. Proc.Ann., art. 32A.02, Sec. 1(1) (Vernon Supp.1982–1983).

The state contends that the period from September 27, 1980 through July 2, 1982 should be excluded from the 120 day time frame because the appellant's location was unknown and the state had been unable to determine appellant's location by the use of due diligence. With the exclusion of that time period provided for in Section 4(4)(B), Tex.Code Crim.Proc.Ann., art. 32A.02, Sec. 4(4)(B) (Vernon Supp.1982–1983), and the appellant's waiver of his speedy trial rights for the time subsequent to his arrest on July 2, 1982, the state clearly would have been ready for trial within 120 days after commencement of the criminal action.

■ A review of the record reveals that the state failed to discharge its burden of showing an exclusion under Section 4(4)(B). George Lambert, the chief prosecutor for the 185th District Court, testified that he knew of no attempt to serve the warrant on appellant. Carolyn Pollock, of the Criminal Warrants Division, testified that all the Sheriff's Department did was to log the warrant information into the T.C.I.C. and N.C.I.C. Networks; she knew of no efforts to serve the warrant on appellant. The warrant issued on September 7, 1980 was not executed until appellant was stopped in Pecos, Texas for a traffic violation and the Department of Public Safety discovered the outstanding warrant. We conclude the state has failed to discharge its burden of proving the use of due diligence under Section 4(4)(B). *Lee v. State*, 641 S.W.2d 533, 536–537 (Tex.Crim. App.1982).

The state further argues that appellant's statutory right to a speedy trial has not been abrogated because the caption of Chapter 32A, Tex.Code Crim.Proc.Ann.Ch. 32A (Vernon Supp.1982–1983), fails to provide a reasonable caption reader with fair notice that the remedy for violation of the Act is discharge, and is for that reason unconstitutional. Tex. Const. art. III, § 35 (1869). We disagree.

Prior to the enactment of Chapter 32A, an accused had two constitutional speedy trial rights: a federal constitutional right guaranteed by the Sixth Amendment of the United States Constitution and a state constitutional right guaranteed by Article I, § 10 of the Texas Constitution. *Ostoja v. State*, 631 S.W.2d 165, 167 (Tex. Crim.App.1982). The only possible remedy for a violation of these rights was the dismissal of prosecution. *Turner v. State*, 545 S.W.2d 133, 139 (Tex.Crim.App.1977).

On July 1, 1978, the Speedy Trial Act became effective and established a statutory right to a speedy trial. The caption of the Act reads:

*An Act* relating to a speedy trial of criminal cases; *amending the Code of Criminal Procedure*, 1965, as amended, *by adding* Chapter 32A, by adding Articles 17.151 and *28.061*, and by amending Articles 29.02 and 29.03; providing for an effective date; and declaring an emergency. (Emphasis added.)

Article III, Sec. 35 of the Texas Constitution, provides in pertinent part:

... But if any subject shall be embraced in an act, which shall not be ex-

pressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed.

The critical question for determining adequate compliance with Article III, Sec. 35 is whether the caption "put any reasonable caption reader on notice that he will find new matter in the body of the bill." *Ex parte Jimenez*, 159 Tex. 183, 317 S.W.2d 189, 194 (1958); *Beck v. State*, 583 S.W.2d 338, 345 (Tex.Crim.App.1979); *Buxton v. State*, 646 S.W.2d 445, 446 (Tex. Crim.App.1983).

■ In interpreting Art. III, Sec. 35 the courts have consistently held that the caption of an act should be liberally construed so as to uphold its validity. *White v. State*, 440 S.W.2d 660 (Tex.Crim.App.1969).

Chapter 32A modified the Code of Criminal Procedure by adding Article 28.061, TEX.CODE CRIM.PROC.ANN. art. 28.061 (Vernon Supp.1982–1983), which reads as follows:

*Art. 28.061 Discharge for Delay*

If a motion to set aside an indictment, information or complaint for failure to provide a speedy trial as required by Article 32A.02 is sustained, the court shall discharge the defendant. A discharge under this article is a bar to any further prosecution for the offense discharged or for any other offense arising out of the same transaction.

The addition of Article 28.061 to the Code of Criminal Procedure established a statutory remedy identical to the remedy afforded in the case of a violation of a defendant's constitutional speedy trial rights.

■ The caption set forth above cannot be construed as obscuring the purpose of Chapter 32A from legislators or citizens and is sufficient to give an average reasonable caption reader notice that he will find new matter in the body of the bill. Providing a sanction for failure of the state to provide the "speedy trial of criminal cases" has a logical relationship to the general purpose of Chapter 32A. The caption tells the reader that the Act is to

*amend* the Code of Criminal Procedure and this word means a change in the law. *See Ex parte Crisp*, 661 S.W.2d 944, 950 (Tex. Crim.App.1983). We, therefore, hold the caption of Chapter 32A does not violate the provision of Article III, Sec. 35 of the Texas Constitution.

Accordingly, the court erred in refusing to grant the motion to set aside the indictment under Article 32A.02.

The judgment is reversed and remanded with instructions to dismiss prosecution.