**Bobby Ray WRIGHT, Appellant,**

v.

**The STATE of Texas, State.**

No. 2–84–044–CR.

Court of Appeals of Texas,
Fort Worth.

Sept. 25, 1985.

Charles Grantham, Grand Prairie, for appellant.

Tim Curry, Dist. Atty., and David Chapman, Asst. Dist. Atty., Fort Worth, for appellee.

Before ASHWORTH, JORDAN, JOE SPURLOCK, II and HILL, JJ.

## OPINION

ASHWORTH, Justice.

A jury found appellant guilty of burglary by committing and attempting to commit theft. *See* TEX.PENAL CODE ANN. sec. 30.02 (Vernon 1974). The court found two enhancement allegations to be true and set appellant's punishment at forty-five years confinement in the Texas Department of Corrections.

We reverse and remand.

On April 15, 1982, the secretary of St. Luke's Cumberland Presbyterian Church discovered that the church had been burglarized during the night and that church property had been stolen. Later, on the same date, appellant and two other men sold the property to an undercover police officer. This sale was recorded by a con-

cealed videotape camera. The resulting video recording was shown to the jury at trial. Appellant did not present any evidence.

In his single ground of error, appellant contends that the trial court committed reversible error in overruling appellant's motion to set aside the indictment for the State's violation of the Texas Speedy Trial Act. TEX.CODE CRIM.PROC.ANN. arts. 32A.01–.02 (Vernon Pamp. 1966–1985).

Appellant was first charged with the offense on which this prosecution is based on August 20, 1982. However, on August 6, 1982, two weeks earlier, appellant had been sent to T.D.C. for a parole violation. On August 25, 1982, the State placed a detainer on appellant in T.D.C. Appellant was indicted on October 26, 1982.

On November 4, 1982, the State filed its announcement of ready. The case was set for pre-trial hearings on November 19, 1982. On either November 19 or November 29, 1982, the State announced ready despite the fact that appellant was still in T.D.C. Additionally, on either November 19 or November 29, 1982, the State requested that appellant be bench warranted from T.D.C. However, this was not done.

Carol Christy, the administrative clerk of Criminal District Court No. 3, testified regarding the setting for the week of Monday, November 29, 1982, on which appellant's name appeared. She stated that appellant's name was typed on page 8 of the Setting Sheet and that on page 2, the following handwritten notation appeared: "Bench Bobby Ray Wright—TDC." She further stated that this indicated a request for a bench warrant and that most requests for bench warrants were made orally. Thereafter, the clerk would make a handwritten notation on the Setting Sheet to remind him to issue it. Additionally, she testified that no bench warrant was issued and that she did not know why the notation regarding the requested bench warrant appeared on a page different from the one on which appellant's typed name appeared. Finally, she stated that the notation could have either been made on November 29,

1982, the day the actual cases were called to trial, or November 19, 1982, the day any pre-trial matters were heard. The record reflects no further action on the part of the State to procure appellant's presence.

The court's docket reflects no further action on appellant's case in 1982 except that on November 24, 1982, it was "Passed By The Court Not Reached." Appellant was released from T.D.C. on January 7, 1983 despite the pendency of the State's valid detainer. In August of 1983, appellant, for whom an attorney had been appointed, was served a copy of the indictment.

TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Pamp. 1966–1985) provides, in pertinent parts, as follows:

> Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:
>
> > (1) 120 days of the commencement of a criminal action if the defendant is accused of a felony;
>
> \* \* \* \* \* \*
>
> Sec. 2. (a) Except as provided in Subsections (b) and (c) of this section, a criminal action commences for purposes of this article when an indictment, information, or complaint against the defendant is filed in court, unless prior to the filing the defendant is either detained in custody or released on bail or personal bond to answer for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is arrested.

*Id.* Based upon this section, it was stipulated at appellant's hearing on his motion to dismiss the indictment because of non-compliance with the Speedy Trial Act that the 120-day period expired on December 18, 1982.

■ It is well settled that the Speedy Trial Act addresses itself to prosecutorial delay rather than the judicial process as a whole. *Barfield v. State*, 586 S.W.2d 538, 541 (Tex.Crim.App.1979). Therefore, the Act refers to the preparedness of the pros-

ecution for trial and does not encompass the trial court and its docket. *Id.* An announcement of ready by the State constitutes a prima facie showing that the State has complied with the requirements of the Speedy Trial Act. *Phipps v. State*, 630 S.W.2d 942, 947 (Tex.Crim.App.1982); *Barfield*, 586 S.W.2d at 542. However, this prima facie showing may be rebutted by proving that the defendant was absent during the time in which the State claimed to be ready. *Id.* at 542. Securing the defendant's presence is a readiness burden which falls upon the State under the Speedy Trial Act. *Lyles v. State*, 653 S.W.2d 775, 778 (Tex.Crim.App.1983); *Newton v. State*, 641 S.W.2d 530, 531 (Tex.Crim.App.1982).

TEX.CODE CRIM.PROC.ANN. art. 32A.02, sec. 4(5), (9) and (10) (Vernon Pamp. 1966–1985) are as follows:

Sec. 4. In computing the time by which the state must be ready for trial, the following periods shall be excluded:

\* \* \* \* \* \*

(5) a period of delay resulting from the unavailability of the defendant whose location is known to the state but whose presence cannot be obtained by due diligence or because he resists being returned to the state for trial;

\* \* \* \* \* \*

(9) a period of delay resulting from detention of the defendant in another jurisdiction, if the state is aware of the detention and exercises due diligence to obtain his presence for trial; and

(10) any other reasonable period of delay that is justified by exceptional circumstances.

*Id.*

The State, in its brief, asserts that once the State makes a timely request for a bench warrant, it has discharged its Speedy Trial Act readiness obligation to have the accused present for trial within the time required by the Act. With this contention we cannot agree. *See Newton*, 641 S.W.2d at 531; *Ybarbo v. State*, 659 S.W.2d 898, 900 (Tex.App.—San Antonio 1983, no pet.) (except for specific exclusions stated in TEX.CODE CRIM.PROC.ANN. art. 32A.02, sec. 4(5), (9) and (10), absence of defendant does not toll this article and therefore prevents State from being ready within meaning of this article.).

■ The resolution of whether or not the absence of the appellant falls within TEX. CODE CRIM.PROC.ANN. art. 32A.02, sec. 4(5) and (9) (Vernon Pamp. 1966–1985), boils down to a determination of whether, under the circumstances, the State used "due diligence" to obtain appellant's presence within the 120-day period. *See Lyles*, 653 S.W.2d at 778.

In *Lyles*, the Court held that a negligent mistake in the sheriff's office—its inexplicable rejection of a bail bond posted by defendant—did not excuse the State's failure to secure the defendant's presence. *Id.* at 778–79. That Court stated:

The prosecutor cannot excuse a lack of due diligence on his part by pointing the finger at the Sheriff or other law enforcement agency. The circumstances reflect the situation was resolved once the prosecutor began to exercise diligence in the matter. The delay is attributable to the prosecuting authority and not the court. The delay could have, and should have been avoided by simple means, not requiring any stenuous (sic) exercise of due diligence by the State.

*Id.* at 779; *see also Lopez v. State*, 663 S.W.2d 908, 909 (Tex.App.—Corpus Christi 1983, pet. granted) (prosecutor who had asked trial judge to issue bench warrant to bring defendant, who was being detained on another charge, back for trial, could have easily checked progress of trial court's bench warrant and expedited matter within 120-day period within which the State had to be ready for trial; therefore, prosecutor who failed to do so failed to exercise due diligence in obtaining presence of defendant whose location was known, and period of delay resulting from unavailability of defendant would not be excluded from 120-day period.).

■ Based on the above authority, we find that the State did not exercise due

diligence in obtaining appellant's presence within the 120-day period. Therefore, we hold that merely requesting the issuance of a bench warrant to procure a defendant's presence at trial, does not constitute due diligence within the meaning of TEX.CODE CRIM.PROC.ANN. art. 32A.02, sec. 4(5) and (9) (Vernon Pamp. 1966–1985).

The next question which we must determine is whether or not the delay in the instant case was the result of exceptional circumstances within the purview of TEX. CODE CRIM.PROC.ANN. art. 32A.02, sec. 4(10) (Vernon Pamp. 1966–1985).

In its brief, the State cites three cases in support of its contention that the facts of the instant case come within the exceptional circumstances exception. *See Ostoja v. State*, 631 S.W.2d 165, 168 (Tex.Crim.App. 1982) (time period between resignation of regular duly elected judge of defendant's trial court until his vacancy was filled by permanent successor was excludable under Speedy Trial Act as reasonable period of delay that is justified by exceptional circumstances); *Hamilton v. State*, 621 S.W.2d 407, 410 (Tex.Crim.App.1981) (where defendant was arrested on unrelated charge and placed in confinement under an assumed name prior to filing complaint on charge and prosecutor was unaware of such circumstances, exceptional circumstances existed so as to justify excluding time of such incarceration in computing compliance with the Speedy Trial Act); *Karpeal v. State*, 628 S.W.2d 520, 523 (Tex.App.—Fort Worth 1982, pet. ref'd) (four servicemen testified at defendant's trial for the offense of robbery. Defendant was convicted but a new trial was granted. The servicemen were again subpoenaed but were unavailable because they were either out of the country or out of state. The unavailability of the servicemen presented exceptional circumstances under sec. 4(10) of the Speedy Trial Act.).

■ The facts of the instant case can be readily distinguished from the facts in the above cases inasmuch as the above delays were caused by circumstances beyond the control of the prosecutor. They were de-lays which resulted from the judicial process as a whole or ones which placed an unreasonably difficult burden on the prosecution. On the other hand, the delays in the instant case could have easily been avoided had the prosecutor verified that the bench warrant had been issued. *See Lopez*, 663 S.W.2d at 913. Accordingly, we hold that the facts in this case did not come within the exceptional circumstances exception of the Speedy Trial Act. Appellant's ground of error is sustained.

The State asserts that TEX.CODE CRIM.PROC.ANN. arts. 32A.01–.02 (Vernon Pamp. 1966–1985) are unconstitutional because of a defective caption. The caption to the Texas Speedy Trial Act is worded as follows:

An Act relating to a speedy trial of criminal cases; amending the Code of Criminal Procedure, 1965, as amended, by adding Chapter 32A, by adding Articles 17.151 and 28.061, and by amending Articles 29.02 and 29.03; providing for an effective date; and declaring an emergency.

Speedy Trial of Criminal Cases, ch. 787, sec. 1, 1977 Tex.Gen.Laws 1970.

The additions and amendments to the Texas Code of Criminal Procedure, referred to in the caption, provide:

*Additions:*

Article 32A.01. Trial priorities.

Insofar as is practicable, the trial of a criminal action shall be given preference over trials of civil cases, and the trial of a criminal action against a defendant who is detained in jail pending trial of the action shall be given preference over trials of other criminal actions.

*Id.*

Art. 32A.02. Time limitations.

Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

[certain enumerated time periods].

[Sections 2, 3, & 4 deal with determining when a criminal action commences, what periods of time are tolled under the

Act, and when a defendant waives the right to move for discharge under the Act.]

*Id.* at 1970–71.

Art. 17.151. Release because of delay.

Section 1. A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:

[certain enumerated time periods].

*Id.* at 1972.

Art. 28.061. Discharge for delay.

If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial as required by Article 32A.02 is sustained, the court shall discharge the defendant. A discharge under this article is a bar to any further prosecution for the offense discharged or for any other offense arising out of the same transaction.

*Id.*

*Amendments:*

Art. 29.02. By agreement.

A criminal action may be continued by consent of the parties thereto, in open court, and any time on a showing of good cause, *but a continuance may be only for as long as is necessary.* [Emphasis supplied. This language was added by the 1977 amendments.]

*Id.*

Art. 29.03. For sufficient cause shown.

A criminal action may be continued on the written motion of the state or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion. *A continuance may be only for as long as is necessary.* [Emphasis supplied. This language was added by the 1977 amendments.]

*Id.*

The Texas Constitution provides that:

No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be embraced in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be expressed.

TEX. CONST. art. III, sec. 35.

■■■ This constitutional provision requires that a bill's caption be specific enough to give a reasonable reader fair notice of the subject and content of the bill. *Ex parte Crisp,* 661 S.W.2d 944, 946 (Tex. Crim.App.1983) (motion for reh'g denied with opinion) 661 S.W.2d 957. When a statute is attacked under art. III, sec. 35, the court should construe the statute liberally so as to uphold it if possible. *Id.; Stein v. State,* 515 S.W.2d 104, 107 (Tex. Crim.App.1974). However, this liberal construction rule will not save a caption that is deceptive or misleading, or relieve the legislature of the necessity of disclosing in the caption the real subject of the act. *Harris County Fresh Water Supply Dist. No. 55 v. Carr,* 372 S.W.2d 523, 525 (Tex.1963). Additionally, the rule will not be followed to the extent of allowing the legislature to bypass constitutional restrictions. *White v. State,* 440 S.W.2d 660, 665 (Tex.Crim. App.1969). *See also Fletcher v. State,* 439 S.W.2d 656, 658 (Tex.1969).

■■■ The "fair notice" standard with which TEX. CONST. art. III, sec. 35 is to be applied, requires that the caption give reasonable notice of the contents of the bill to the average reader. *Crisp,* 661 S.W.2d at 947–48. A statute will not be held unconstitutional where its provisions relate, directly or indirectly, to the same general subject, have a mutual connection, and are not foreign to the subject expressed in the title. *Paster v. State,* No. 69,220 (Tex. Crim. App., July 24, 1985) (p. 5, slip opinion ) (not yet reported). In a footnote in *Crisp,* the Court of Criminal Appeals quoted a provision from *City of Brownsville v. Public Utility Commission,* 616 S.W.2d 402 (Tex. Civ.App.—Texarkana 1981, writ ref'd

n.r.e.), as stating a useful way to apply the "fair notice" standard:

> If (an average legislator or interested citizen) interested in legislation on a particular subject would be prompted by the title to examine the body of the bill for provisions relating to that subject, then the title is sufficient. But if he would be likely to get the impression from the title that further reading is unnecessary because the bill does not relate to that subject then the bill is unconstitutional to the extent that it deals with that subject.

*Crisp*, 661 S.W.2d at 948, fn. 3.

■ In determining whether sec. 35 has been complied with, the inquiry is not what the legislature intended to embrace in the title, but what, by the terms employed, it did, in fact, embrace. *Harris*, 372 S.W.2d at 524.

The State's contention in the instant case is that the caption to the Speedy Trial Act suffers from even worse flaws than did the caption to the 1981 amendments (House Bill 730) to the Texas Controlled Substances Act (Controlled Substances—Offenses and Punishment, ch. 268, 1981 Tex. Gen.Laws 696), which the Court in *Ex parte Crisp* held to be unconstitutional. *See Crisp*, 661 S.W.2d at 957 (opinion on reh'g).

In *Noel v. State*, No. 827–83 (Tex.Crim. App., March 14, 1984) (State's motion for reh'g granted) (not yet reported), in oral argument before the Texas Court of Criminal Appeals, the State contended that the caption to the Texas Speedy Trial Act is defective under the standards enumerated in *Crisp*. The majority opinion stated:

> Unlike *Crisp*, however, the State neither raised this argument in the trial court, nor in the court of appeals.... We hold the State's failure to pursue the orderly procedure for discretionary review in raising the constitutional claim now urged, presents nothing for review in this court on the merits.

*Id.* at 6–7 (slip opinion). (*See also Ballenger v. State*, No. 632–84 (Tex.Crim.App., July 10, 1985) (unpublished), in which the Court held that since this identical issue was not raised in the Court of Appeals, it would not be addressed in the Court of Criminal Appeals.)

Four dissenters in *Noel*, however, stated their view that an issue of constitutional dimension may be raised at any time, and further stated:

> A careful comparison of the holding in *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Cr. App.1983), with the caption of the Speedy Trial Act makes it readily apparent that the State's position not only has merit, (assuming *Crisp* is correct), but that the Speedy Trial Act suffers from the exact malady diagnosed in *Crisp*.

*Noel* at 1 (Dissenting opinion).

This identical issue has been addressed by the Houston Court of Appeals (14th District), which held that the caption to the Speedy Trial Act complies with the requirements of sec. 35. *See Beddoe v. State*, 681 S.W.2d 114 (Tex.App.—Houston [14th Dist.] 1984, pet. granted). In *Beddoe* the State contended that the caption is unconstitutional in that it does not mention that the remedy for a violation of Chapter 32A is discharge of the defendant. *See* TEX. CODE CRIM.PROC.ANN. art. 28.061. The Court upheld the statute, stating:

> Prior to the enactment of Chapter 32A, an accused had two constitutional speedy trial rights: a federal constitutional right guaranteed by the Sixth Amendment of the United States Constitution and a state constitutional right guaranteed by Article I, sec. 10 of the Texas Constitution. *Ostoja v. State*, 631 S.W.2d 165, 167 (Tex.Crim.App.1982). The only possible remedy for a violation of these rights was the dismissal of prosecution. *Turner v. State*, 545 S.W.2d 133, 139 (Tex.Crim.App.1977).
>
> \*   \*   \*   \*   \*   \*
>
> The addition of Article 28.061 to the Code of Criminal Procedure established a statutory remedy identical to the remedy afforded in the case of a violation of a

defendant's constitutional speedy trial rights.

The caption set forth above cannot be construed as obscuring the purpose of Chapter 32A from legislators or citizens and is sufficient to give an average reasonable caption reader notice that he will find new matter in the body of the bill. Providing a sanction for failure of the state to provide the "speedy trial of criminal cases" has a logical relationship to the general purpose of Chapter 32A. The caption tells the reader that the Act is to *amend* the Code of Criminal Procedure and this word means a change in the law. *See Ex parte Crisp*, 661 S.W.2d 944, 950 (Tex.Crim.App.1983). We, therefore, hold the caption of Chapter 32A does not violate the provision of Article III, Sec. 35 of the Texas Constitution. [Emphasis in original.]

*Id.* at 115–16. (As noted, the State's Petition For Discretionary Review has been granted and this case was submitted to the Court on March 13, 1985, No. 589–84.)

In view of the fact that the Court in *Beddoe*, the State in the instant case, and the dissent in *Noel*, all rely upon the rationale of *Crisp*, we must examine the holding in *Crisp*. The caption to House Bill 730 is worded as follows:

An act relating to offenses and criminal penalties under the Texas Controlled Substances Act.

Controlled Substances—Offenses and Punishment, ch. 268, 1981 Tex.Gen.Laws 696.

In its opinion on rehearing, the Court in *Crisp* held that the caption to House Bill 730 was "utterly defective for the reasons stated in the concurring opinion on original submission, ...." *Crisp*, 661 S.W.2d at 957. The author of the concurring opinion in *Crisp* stated:

In my view "relating to" does not mean "changes in" nor is it enough under the first sentence of sec. 35 that a caption gives a signal.

\* \* \* \* \* \*

The instant caption says only that the bill is an act *relating* to something else. It does not even tell the reader that the act is to *amend* any part of the Texas Controlled Substances Act. As stated it gives no hint of what is its "general purpose"—its proposed content. Facially abstract and ambiguous, the caption fails to convey to the reader that character and quality of information the first sentence of sec. 35 requires for fair notice to "legislator, lawyer or 'man on the street,'" *Schlichting v. Texas State Board of Medical Examiners*, supra [158 Tex. 279], 310 S.W.2d [557] at 561 [(1958)]. [Emphasis in original.]

*Id.* at 949–50.

In the instant case, the State contends the caption to the Speedy Trial Act is unconstitutional because it merely states that this is an act "relating to" a speedy trial, and this language no more complies with the stated purpose of sec. 35 than did the caption in *Crisp*, which informed the reader that House Bill 730 was an act "relating to" offenses and criminal penalties under the Controlled Substances Act.

■■■■ The State's argument is basically that the Act made blockbuster changes in the law without giving the caption reader fair notice of these changes. Specifically, although the caption tells the reader that the Act has something to do with ("relating to") a speedy trial in a criminal case, it never hints at the content of the other additions to the Code of Criminal Procedure, which provide that: (1) discharge under the Act is a bar to any other offense arising out of the same transaction; and (2) the accused is entitled to be released on personal bond or lower bail if the time requisites of the Act are not met. *See* TEX.CODE CRIM.PROC.ANN. art. 28.061 (Vernon Pamp. 1966–1985), and art. 17.151 (Vernon Supp.1985), respectively. The State does not challenge the sufficiency of the caption with regard to the two amended articles dealing with continuances of the case.[1]

---

**1.** A somewhat stricter rule of conformity of title to subject matter legislated within an act is applied to amendments in comparison to the original acts. *Paster* at 6 (slip opinion); *Crisp*,

We understand the State's theory and in fact find it has a great deal of validity. However, we are not persuaded that the analysis of *Crisp* mandates a finding that the caption to the Speedy Trial Act is unconstitutional. Although the caption at issue used the same words as the caption to House Bill 730 ("relating to"), the wording of the first clause of the Speedy Trial caption ("An Act relating to a speedy trial of criminal cases;") does in our opinion provide "fair notice" to a reasonable reader of the subject and content of the bill. We find that an average legislator or concerned citizen interested in legislation on the particular subject of providing a speedy trial of criminal cases would be prompted by the title to examine the body of the bill for provisions relating to that subject. *See Crisp*, 661 S.W.2d at 948, fn. 3. In that regard this caption differs from that of House Bill 730. Judge Miller's concurring opinion in *Noel* sums up this theory as follows:

> Although the two above-mentioned captions both use the words "relating to," the State is in error if it assumes that our holding in *Crisp* means that all captions containing the words "relating to" will be held defective.
>
> \*  \*  \*  \*  \*  \*
>
> A "speedy trial" *is* a specific subject whereas the Texas Controlled Substances Act is much more than a subject. Moreover, the caption in the Speedy Trial Act does inform the reader that the Code of Criminal Procedure will be amended and that new sections will be added. In no way can our holding in *Crisp*, supra, be authority for declaring the Speedy Trial Act caption violative of Art. III,

Sec. 35 of the Texas Constitution. [Emphasis in original.]

*Noel* at 1–2 (Concurring opinion).

In response to this argument, the dissent added the following footnote:

> 1. Surprisingly, the concurring opinion, in addressing the merits of the State's argument, does what the majority says cannot be done. A reading of the concurring opinion shows the author has completely misread the argument of the State in the instant case and still fails to comprehend Article 3, Section 35 of the Texas Constitution.

*Noel* at 1 (Dissenting opinion).

We subscribe to Judge Miller's concurring opinion. The caption of the Texas Speedy Trial Act succinctly provides fair notice to a reasonable reader of the subject and content of the bill. In fact, to be more explicit in the caption would require the entire content to be expressed. The State's assertion of unconstitutionality is overruled.

We reverse the judgment of the trial court and remand for order that the indictment against appellant be dismissed.

FENDER, C.J., dissents, joined by BURDOCK and HOPKINS, JJ.

FENDER, Chief Justice, dissenting.

Numerous attacks on the constitutionality of the Speedy Trial Act have been attempted before this Court, but in instances where we did not apply same to order dismissal we have avoided considering same. Also, where we have reversed on other grounds we have not been so confronted with the question. Now we are confronted with a direct application of the Act with no other grounds presented or considered. I do not disagree with the

---

661 S.W.2d at 946. There is no constitutional requirement that the caption of an amendatory act set out exactly what changes were made in the amended act, so long as the subject of the amendatory act is not "remote" from the subject of the original act. *Smith v. Davis*, 426 S.W.2d 827, 833 (Tex.1968). As stated in *Smith:*

"It would be burdensome if not intolerable to require that the title (or caption of an act) should be as full as the act itself. The word 'title' implies that no such requirement exists." [Citation omitted.] It is not necessary that the caption of an amendatory bill apprise the reader of the precise effects of the body of the bill, so long as the general subject of the amending bill is disclosed. *Id.*

position of the majority that appellant is entitled to the relief sought *if the Speedy Trial Act is constitutionally sound.*

In my view the caption of the Act is deficient to at least the same degree as was the caption to the 1981 amendment to the Texas Controlled Substances Act which was condemned in *Ex parte Crisp,* 661 S.W.2d 944 (Tex.Crim.App.1983). *See also White v. State,* 440 S.W.2d 660 (Tex.Crim. App.1969). I register my dissent from the majority holding and would vote to affirm the conviction.