**Larry Wayne MORGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–85–0175–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 22, 1985.

Gerson D. Bloom, Galveston, for appellant.

Michael J. Guarino, Galveston County Dist. Atty., Brent Richbook, Galveston County Asst. Dist. Atty., Galveston, for appellee.

Before HOYT, DUGGAN and DUNN, JJ.

HOYT, Justice.

Following a plea of guilty, Larry Wayne Morgan was convicted of resisting arrest and sentenced to 25 days confinement in the Galveston County Jail. In compliance with Tex.Code Crim.P.Ann. art. 44.02 (Vernon 1979), he appeals from the denial of his motion to dismiss for lack of a speedy trial. We reverse the judgment of the trial court.

Appellant's motion to dismiss alleged that he was arrested on June 1, 1984, and that the State did not announce ready until January 11, 1985. At the hearing on the motion, the State conceded that it was not ready for trial within the statutorily prescribed time limit of 90 days and no proof of any statutory exception was made. *See* Tex.Code Crim.P.Ann. art. 32A.02, sec. 1(2) (Vernon Supp.1985). The motion to dismiss was denied based on the State's argument that art. 32A.02 is unconstitutional because its caption does not comply with art. III, sec. 35, of the Texas Constitution.

Art. 32A.02 provides for the setting aside of an indictment upon motion of the defendant where the State fails to demonstrate its readiness to proceed to trial within certain time limits. The caption of the Speedy Trial Act which includes art. 32A.02 reads:

An Act *relating to* a speedy trial of criminal cases; *amending* the Code of Criminal Procedure, 1965, as amended, by *adding* Chapter 32A, by *adding* Articles 17.151 and 28.061, and by *amending* Articles 29.02 and 29.03; providing for an effective date; and declaring an emergency.

Ch. 787, sec. 1, 1977 Tex.Gen.Laws 1970 (emphasis added). Art. III, sec. 35 provides:

No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed.

The purpose of art. III, sec. 35, is to require the drafters of bills to provide fair notice of the contents of the bills to the members of the legislature and the general public. *Stein v. State*, 515 S.W.2d 104, 107 (Tex.Crim.App.1974). The standard used by the courts to apply art. III, sec. 35, is well established. The caption of an act will be liberally construed so as to uphold its validity, but the rule of liberal construction cannot be used to relieve the legislature of the necessity for following the constitutional requirements. *Id; see also Fletcher v. State*, 439 S.W.2d 656, 658 (Tex.1969).

The State argues that the caption is fatally defective for the same reasons that the caption of the 1981 amendment to the Controlled Substances Act was held unconstitutional. *Ex Parte Crisp*, 661 S.W.2d 944 (Tex.Crim.App.1983). The caption of that Act, H.B. 730, stated simply: "AN ACT relating to offenses and criminal penalties under the Texas Controlled Substances Act."

We note that H.B. 730 made significant changes in the existing Controlled Substances Act by creating new levels of offenses and penalties for possession of marihuana and other drugs. In addition to changing the Controlled Substances Act, the bill affected the Code of Criminal Procedure and the Penal Code. None of these changes were indicated in any way in the caption. The caption did not even refer to the amendments by section or number.

Because of these deficiencies, the Court of Criminal Appeals in *Crisp* ruled that the caption was insufficient to give readers fair notice of the subject matter of the bill. Although the caption referred to changes in the Controlled Substances Act, it had the effect of modifying at least two other separate statutes not mentioned in the caption. 661 S.W.2d at 947. On rehearing the court adopted the reasoning of Judge Clinton in his concurring opinion on original submission, that the caption was utterly defective in that it did not even give fair notice of changes in the Controlled Substances Act since "relating to" does not mean "changes in." 661 S.W.2d at 949 (concurring op.).

With these general principles in mind, this court must determine whether the caption of the Speedy Trial Act put the legislature and the public on fair notice of the contents of art. 32A.02. The Court of Criminal Appeals has set forth a useful guideline for applying the "fair notice" standard:

If [an average legislator or interested citizen] interested in legislation on a particular subject would be prompted by the title to examine the body of the bill for provisions relating to that subject, then the title is sufficient. But if he would be likely to get the impression from the title that further reading is unnecessary because the bill does not relate to that subject then the bill is unconstitutional to the extent that it deals with that subject.

*Ex Parte Crisp*, 661 S.W.2d at 948 n. 3 (citations omitted).

The State places great emphasis on this discussion of the meaning of "relating to." Granted, *Crisp* makes it clear that "relating to" is not synonymous with "changes in." However, the opinion does not go so far as to say that captions are necessarily defective if they use that phrase. Many such captions have been upheld over the years. *See, e.g., Bates v. State,* 587 S.W.2d 121, 129 (Tex.Crim.App.1979); *Castellano v. State,* 458 S.W.2d 73 (Tex.Crim.App. 1970). *Crisp* is distinguishable because "relating to" was the only phrase in the caption that could possibly be construed as giving notice of content. The Speedy Trial Act caption contains the additional participles, "adding" and "amending", which do convey to the readers the "character and quality" of the legislation. *Crisp,* 661 S.W.2d at 950. Unlike "relating to," "amend" signals a change in the law. *Beddoe v. State,* 681 S.W.2d 114, 116 (Tex.App. —Houston [14th Dist.] 1984, pet. granted).

The essence of *Crisp* is that the caption did not put the public on notice of the *changes* wrought by the amendments to the Controlled Substances Act. In reaching its result, the Court of Criminal Appeals relied extensively on *White v. State,* 440 S.W.2d 660 (Tex.Crim.App.1969), which involved a caption that was similarly defective. In *White,* the act in question dealt strictly with amendments to existing statutes. The caption referred to changes in the definition of dangerous drugs without noting changes in the penalty provisions of the Dangerous Drug Act. The Court held that if the caption of an amendatory act is going to refer to particulars in the amendment, it must refer to *every* particular. Otherwise, the caption is deceptive and misleading to those who might be interested in the act. *White,* 440 S.W.2d at 665–66.

Both *White* and *Crisp* address amendatory acts that are very different from the Speedy Trial Act. As with all the cases dealing with amendatory acts, *White* and *Crisp* reflect a concern that readers will be deceived by what the caption fails to say rather than what it does say. *See also Smith v. Davis,* 426 S.W.2d 827 (Tex.1968); *Schlichting v. Texas State Board of Medical Examiners,* 158 Tex. 279, 310 S.W.2d 557 (1958); *State ex rel. Grimes County Taxpayers Ass'n v. Texas Municipal Power Agency,* 565 S.W.2d 258, 272 (Tex.Civ. App.—Houston [1st Dist.] 1978, no writ). In those cases the issue was whether the concerned reader could determine whether the statute was of interest by reading the caption *and* the existing statute.

■ That situation has no application in this case because, although there is an existing statute to refer to, it is the entire Code of Criminal Procedure. The Speedy Trial Act is an addition to the Code rather than an amendment of any statute dealing with speedy trials. Prior to the enactment of art. 32A.02, an accused's right to a speedy trial was secured only by the sixth amendment of the United States Constitution and by article I, section 10, of the Texas Constitution. *Ostoja v. State,* 631 S.W.2d 165, 167 (Tex.Crim.App.1982).

Consequently, this is not the usual amendatory act wherein a definition or penalty range has been changed and the caption refers to only part of that change. Unlike *Crisp,* the caption to the act puts the reader on notice that something entirely new can be found in the Code because the caption refers to the *addition* of Chapter 32A.

■ The State also argues that the caption does not give adequate notice of the changes in the bail provisions of the Code of Criminal Procedure, specifically art. 17.-151. While this may be a meritorious argument, that is not the issue before this court and we decline to address it. We hold that the Speedy Trial Act is constitutional because it meets the "fair notice" standard and sustain appellant's grounds of error one and two.

The judgment is reversed and a judgment of acquittal is entered. *See* Tex.Code Crim.P. art. 28.061 (Vernon Supp.1985) and art. 44.24(b) (Vernon 1979).