**Juan R. HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–85–037–CR.**

Court of Appeals of Texas, Corpus Christi.

May 22, 1986.

Timoteo Gomez, Brownsville, for appellant.

Ben Euresti, Jr., Brownsville, for appellee.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a conviction for involuntary manslaughter pursuant to TEX. PENAL CODE ANN. 19.05(a)(2) (Vernon 1974). Trial was to the court which assessed punishment at five (5) years in the Texas Department of Corrections.

Appellant's fourth ground of error alleges the trial court erred in overruling his motions to dismiss the indictment on the ground that he was denied his right to a speedy trial. TEX. CODE CRIM. PROC. ANN. art. 32A.02 (Vernon Supp.1986).

The evidence adduced at trial reveals that appellant was involved in an automobile accident on August 6, 1983, involving a head-on collision between his automobile and an automobile occupied by Job Paz. Both appellant and Mr. Paz were hospitalized with serious injuries. Mr. Paz died the next day in the hospital. A blood test run on appellant showed an alcohol level of .30.

Appellant and the State filed written stipulations on appeal, setting out the following facts: Appellant was indicted on October 12, 1983. A capias was issued, but not served until March 29, 1984, 169 days after the date of indictment. Appellant timely made his motion to dismiss on the basis that his speedy trial rights had been denied. Appellant lived at the same address throughout all relevant periods of time and his address was known to the State. The State was not ready for trial within 120 days of the date of the indictment for the reason that appellant's presence was not secured until March 29, 1984. The State agrees that if the Texas Speedy Trial Act is constitutional, the indictment in this cause should be dismissed.

The State contends that the Speedy Trial Act is unconstitutional because (1) the caption fails to give fair notice of the effect of the Act (i.e., dismissal), as required by TEX. CONST. art. III, 35, and (2) the Act constitutes an infringement by the legislature on the authority of the courts. We disagree. Article III, section 35 of the Texas Constitution provides:

No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated)

shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed.

This provision requires the bill's caption to "be specific enough to give a reasonable reader fair notice of the subject and contents of the bill." *Ex parte Crisp*, 661 S.W.2d 944, 946 (Tex.Crim.App.1983) (Opinion on State's Petition for Discretionary Review). The court in *Crisp* stated that:

> If [an average legislator or interested citizen] interested in legislation on a particular subject would be prompted by the title to examine the body of the bill for provisions relating to that subject, then the title is sufficient. But if he would be likely to get the impression from the title that further reading is unnecessary because the bill does not relate to that subject then the bill is unconstitutional to the extent that it deals with that subject.

*Crisp*, 661 S.W.2d at 948, *quoting City of Brownsville v. Public Utility Commission*, 616 S.W.2d 402, 407 (Tex.Civ.App.—Texarkana 1981, writ ref'd n.r.e.). The caption of a statute will be liberally construed so as to uphold the validity of the statute if possible. *Id.* at 946.

Article 32A.02 provides for the dismissal of an indictment upon motion of the defendant where the State has failed to demonstrate its readiness to proceed to trial within certain time limits. The caption of the Speedy Trial Act reads:

> An Act *relating* to a speedy trial of criminal cases; *amending* the Code of Criminal Procedure, 1965, as amended, by *adding* Chapter 32A, by *adding* Articles 17.151 and 28.061, and by *amending* Articles 29.02 and 29.03; providing for an effective date; and declaring an emergency.

Ch. 787, sec. 1, 1977 Tex.Gen.Laws 1970 (emphasis added).

■ The Speedy Trial Act, an original enactment, added Article 28.061 to the Code of Criminal Procedure, which provides for discharge of the defendant when a motion to set aside an indictment for failure to provide a speedy trial is granted. A somewhat less strict standard of conformity is applied to original acts than to amendments. *Ex parte Crisp*, 661 S.W.2d at 946.

■ The caption set forth above cannot be construed as failing to give fair notice to a reasonable reader of the subject and contents of the Speedy Trial Act. The caption informs the reader that the law relating to speedy trial of criminal cases has been amended and added to. We hold that the caption of Chapter 32A does not violate article III, section 35 of the Texas Constitution. *Bedford v. State*, 703 S.W.2d 775 (Tex.App.—Houston [14th Dist.] 1985, no pet.); *Morgan v. State*, 696 S.W.2d 465 (Tex.App.—Houston [1st Dist.] 1985, no pet.); *Wright v. State*, 696 S.W.2d 288 (Tex.App.—Fort Worth 1985, no pet.); *Beddoe v. State*, 681 S.W.2d 114 (Tex. App.—Houston [14th Dist.] 1984, pet. granted); *contra Stewart v. State*, 699 S.W.2d 695 (Tex.App.—Waco 1985, no pet.).

■ The State also attacks the constitutionality of the Speedy Trial Act on the basis that it constitutes an encroachment of the legislature on the authority of the courts. The State cites no authority and we find none which holds that the "legislature may not constitutionally impose time limitations for the prosecution of cases and provide for sanctions, including dismissal, when the State fails to timely prosecute defendants." *Bedford v. State*, 703 S.W.2d 775, 779 (Tex.App.—Houston [14th Dist.] 1985, no pet.). "Article 28.061 is not an encroachment on the judiciary's substantive decision-making role, since it disposes of cases solely on the procedural ground of undue [prosecutorial] delay and without regard to the guilt or innocence of the accused." *Bedford*, 703 S.W.2d at 780.

We hold that the Texas Speedy Trial Act is not unconstitutional as claimed by the State. Because appellant's rights under the Act were violated, we sustain appellant's fourth ground of error.

In light of our disposition of appellant's fourth ground of error, it is unnecessary to address appellant's first through third grounds of error.

The judgment is reversed and remanded with instructions to dismiss the prosecution.