**Juan HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 690–86.**

Court of Criminal Appeals of Texas, En Banc.

June 1, 1988.

Timoteo E. Gomez, Brownsville, for appellant.

Benjamin Euresti, Jr., Dist. Atty. and Kirkland Brush, and Luis V. Saenz, Asst. Dist. Attys., Brownsville, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

On direct appeal, the Thirteenth Court of Appeals (Corpus Christi), see *Hernandez v. State*, 713 S.W.2d 697 (Tex.App.1986), sustained the fourth contention that Juan Hernandez, henceforth appellant, presented for review, namely, that the trial court erred in overruling his motions to dismiss the indictment in this cause presented pursuant to the provisions of Art. 32A.02, V.A.C.C.P., the Texas speedy trial statute. The record reflects that appellant was convicted in a bench trial for committing the offense of involuntary manslaughter and his punishment was assessed at five years' confinement in the Department of Corrections. The court of appeals reversed the trial court's judgment and ordered the indictment against appellant dismissed.

The court of appeals rejected the State's contention that Art. 32A.02, supra, was unconstitutional because (1) its "caption" violated the provisions of Art. III, § 35, Texas Constitution, and (2) the statute violated the "separation of powers" provision of Art. II, § 1, Texas Constitution.

We granted the State's petition for discretionary review in order to decide whether the court of appeals correctly rejected the State's contentions regarding the validity of Art. 32A.02, supra.

While this cause was pending in this Court, this Court handed down its opinion in *Baggett v. State*, 722 S.W.2d 700 (Tex. Cr.App.1987). In *Baggett*, supra, this Court pointed out that in the general election conducted on November 4, 1986, the voters of Texas amended Art. III, § 35 of the Texas Constitution, whereby neither this nor any other court of this State may now declare an act of the legislature unconstitutional due to the insufficiency or deficiency of the statute's caption. Therefore, we decline to address the State's contention

that because of the deficiency in the caption to Art. 32A.02, supra, this rendered the statute unconstitutional.

However, we will sustain the State's contention that Art. 32A.02, supra, is unconstitutional because it violates the separation of powers provision of the Texas Constitution. See Art. II, § 1 of the Texas Constitution.

In *Meshell v. State,* 739 S.W.2d 246 (Tex. Cr.App.1987), which was decided after the court of appeals handed down its opinion in this cause, a majority of this Court voted to declare Art. 32A.02, supra, the Speedy Trial Act, unconstitutional and void in its entirety because, in enacting the statute, the Legislature violated the separation of powers provision of the Texas Constitution. See Art. II, § 1 of the Texas Constitution. Therefore, given this Court's majority decision of *Meshell,* supra, the court of appeals erred in rejecting the State's contention that Art. 32A.02, supra, is unconstitutional because it violates the separation of powers provision of Art. II, § 1 of the Texas Constitution. Also see *Jefferson v. State,* 751 S.W.2d 502 (Tex.Cr.App.1988), and *Stevenson v. State,* 751 S.W.2d 508 (Tex.Cr.App. 1988).

Therefore, in accord with *Meshell,* supra, we reverse the judgment of the court of appeals and remand this cause to that court so that it might review appellant's other points of error that have not yet been reviewed by that Court.

CLINTON, J., dissents for the reasons given in the dissenting opinion that he filed in *Stevenson v. State,* supra, and the dissenting opinion that Judge DUNCAN filed in *Jefferson v. State,* supra, in which he joined all of that opinion "except the concession that appellant lost his rights and protection afforded by the decision of the El Paso Court of Appeals."