**Ex parte Jose Morales SANCHEZ**

v.

**The STATE of Texas, Appellee.**

**No. 923–91.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 2, 1992.

Ernie Hill, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Linda A. West and Mark Font, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

OVERSTREET, Judge.

Appellant was charged, via two informations numbered 9011252 filed March 22, 1990 and 9034010 filed August 31, 1990, with the misdemeanor offense of public lewdness pursuant to TEX.PENAL CODE ANN. § 21.07(a)(3) (Vernon 1989), alleged to have been committed on or about March 21, 1990. It is undisputed that the two informations referred to the same incident as stipulated to by the State when they desired on July 17, 1990, to change the location of the offense from the Star Movie Theater to the Golden Star Movie Theatre. Appellant appealed the denial of his pretrial application for writ of habeas corpus which in effect had sought dismissal of Cause No. 9034010 based upon double jeopardy protections. We granted his first four grounds for review which seek the same relief.

### I.

### SUMMARY OF PERTINENT FACTS

The record reflects that information number 9011252 was filed on March 22, 1990. It alleged public lewdness at "Star Movie Theater." After information number 9011252 was filed, the record reflects that it was reset for trial several times. That information was ordered dismissed on September 19, 1990. The State's motion for dismissal indicated that the case had been refiled as number 9034010.

The record reflects that information number 9034010 was filed on August 31, 1990. It alleged public lewdness at "Golden Star Theatre." That changed name of the location was the only difference from number 9011252's allegations.

The trial court filed a "Statement of Facts and Conclusions of Law" which both parties refer to as the agreed statement of facts and therefore constitutes the record

before us. The record does support most of the trial court's fact-findings. These findings are as follows:

March 22, 1990—Cause No. 9011252 was filed charging Defendant with public lewdness to have occurred at the *Star Movie Theater.*

March 29, 1990—Defendant was arraigned in open court in Cause No. 9011252 and a plea of not guilty entered. Cause No. 9011252 was set for trial on May 31, 1990.

May 31, 1990—Cause No. 9011252 reset for trial by agreement to June 21, 1990.

June 21, 1990—Cause No. 9011252 reset for trial by operation of law to June 27, 1990.

June 27, 1990—Cause No. 9011252 reset for trial at request of the Defense to July 17, 1990.

July 17, 1990—The State appeared and by and through Linda Mazzagatti, desired to amend the information in Cause No. 9011252, changing the location of the offense from the *Star Movie Theater* to the *Golden Star Movie Theatre.* Ms. Mazzagatti requested defense counsel to agree to the amendment and waive his 10 days notice. Defense counsel refused. Ms. Mazzagatti presented the Court with a Motion For Leave To Amend Information. Judge Hale sitting for Judge Duncan, signed the Motion For Leave on July 17, 1990, but the Motion does not indicate whether the request was granted or denied. (Both parties agree the Motion For Leave was orally granted.)[1] Cause No. 9011252 was reset for trial to August 9, 1990.

August 9, 1990—The State appeared by and through Mark Rubal and announced ready for trial in Cause No. 9011252. The Defense announced ready for trial, waived a trial by jury, and was ordered to counsel's table by the court. Mr. Rubal arraigned the Defendant in Cause No. 9011252. However, Mr. Ru-

---

1. We note that we have recently held that to effectively amend a charging instrument, one must actually alter that instrument, "[b]y, for example, handwriting, typing, interlining, striking out, etc." *Ward v. State*, 829 S.W.2d 787, 793 (Tex.Cr.App.1992). Because it is undisputed that there was no such actual alteration, there was no "amendment" to information number 9011252 regardless of the visiting judge orally granting the State's motion for leave to amend.

bal read the information as it was to have been amended, not as it was written in the Court's file. No Amended Information was ever filed. The Defendant plead not guilty and Defense counsel objected to the misreading of the information. At that time Judge Duncan was informed of the events of July 17, 1990. Judge Duncan reset Cause No. 9011252 for trial on September 19, 1990. The Court swore [appellant's] witnesses and told them to return to court on September 19, 1990.

August 30, 1990—Cause No. 9034010 was filed charging Defendant with public lewdness at the *Golden Star Movie Theater*.[2]

September 19, 1990 The State dismissed Cause No. 9011252. Defendant was arraigned in open court in Cause No. 9034010 and a plea of not guilty entered. Cause No. 9034010 was set for trial on October 17, 1990.

The Court further finds that jeopardy has not attached in this cause and the State of Texas is not barred from prosecuting the Defendant in this cause.

Accordingly, the trial court denied appellant's requested relief.

## II.

### APPELLANT'S CLAIM

Appellant claimed that the trial court erred in denying his requested habeas corpus relief. The First Court of Appeals overruled his claim. *Sanchez v. State*, No. 01–90–00954–CR, 1991 WL 130881 (Tex. App.—Houston [1st Dist.], delivered July 18, 1991). It noted that the State had never formally presented or read the pending information in number 9011252, but rather had read the information as it was to have been amended, and that appellant never entered a plea to the allegation in that charging instrument. *Id.*, slip op. at 3. It stated that appellant had "merely pled [']not guilty['] to the reading of allegations in a nonexistent charging instrument and then objected to the misreading of the orig-

inal information." *Id.* It then concluded that appellant had not been placed in jeopardy at the time the State's motion to dismiss was granted. *Id.*

Appellant's grounds for review challenge the court of appeals' decision. Grounds one and two allege that the court of appeals' opinion conflicts with *State v. Torres*, 805 S.W.2d 418 (Tex.Cr.App.1991). Ground three asks whether appellant "was subjected to double jeopardy at his state criminal trial." Ground four questions whether some of the court of appeals' language is supported by competent authority.

## III.

### MERITS OF CLAIM

With respect to grounds one and two, appellant correctly points out that in *State v. Torres*, 805 S.W.2d at 421, we held that for trials before the court, jeopardy attaches when both sides have announced ready and the defendant has pled to the charging instrument. The court of appeals noted that in *Torres* that defendant had waived formal reading of his indictment and entered a plea of "not guilty," whereas appellant had merely plead "not guilty" to the allegations in a nonexistent charging instrument and that the State had never formally presented or read the pending information.

Appellant claims that jeopardy attached with his "not guilty" pleas on March 29, 1990 and August 9, 1990. However, there is no indication in the record that there was any announcement of ready by either party on March 29, 1990. In fact, the trial court's findings and conclusions/agreed statement of facts simply indicates that appellant was arraigned on that date and entered a plea of "not guilty." Thus, there was no attachment of jeopardy on that date in the absence of evidence of an announcement of ready by both parties per *Torres*.

With respect to August 9, 1990, the record does reflect that both parties announced ready, and appellant did enter his plea of "not guilty." It is undisputed that

---

2. We note that this finding of fact appears to be incorrect, as the information in number

9034010 alleges the location to be "Golden Star Theatre."

the only information which was pending was information number 9011252. See *Ward v. State,* 829 S.W.2d 787 at 794–795 (Tex.Cr.App.1992). Therefore, the announcements of ready and the plea of "not guilty" were with respect to that information.[3] Thus, per *Torres,* jeopardy did indeed attach to information number 9011252 on August 9. Accordingly, we sustain grounds one and two which allege that the court of appeals' opinion conflicts with *Torres.*

 Because we have concluded that jeopardy did attach prior to Cause No. 9011252 being dismissed, jeopardy terminated when that information was later dismissed on September 19. It is very well-settled that any criminal charge that is dismissed on the prosecution's motion after jeopardy attaches may not be retried. *State v. Proctor,* 841 S.W.2d 1, 3 (1992); *Ex parte Preston,* 833 S.W.2d 515, 517 (Tex.Cr.App.1992). Because the dismissal occurred after jeopardy had attached, the State cannot later litigate those allegations. *Proctor, id.* and *Preston, id.* Therefore, because it is undisputed that the allegations in information number 9034010 related to the precise same offense which was alleged in the dismissed Cause No. 9011252, the State is precluded from litigating those allegations. We thus sustain appellant's ground for review number three.

Accordingly, we reverse the judgment of the court of appeals and remand this cause to the trial court with instructions to dismiss the information in the Cause No. 9034010.[4]

WHITE, J., concurs in result.

McCORMICK, P.J., and MILLER and BENAVIDES, JJ., dissent.

---

**3.** At this stage of the proceedings, the only charge the State could have proceeded on was the allegations contained in Cause No. 9011252 because it was the only existing charging instrument. *Ward v. State,* supra, requires that for an amendment to a charging instrument to be effective, there must be an actual alteration of the instrument by handwriting, typing, interlining, striking out, etc.

**4.** In light of our disposition on grounds one, two and three, we need not consider ground four and dismiss it as having been improvidently granted.