NUMBER 13-05-326-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







MICHAEL PLUMMER
, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the County Court at Law No. 1


of Victoria County, Texas.






CONCURRING MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Castillo


Memorandum Opinion by Justice Castillo


 Appellant Michael Louis Plummer represented himself during both phases of the
jury trial and has filed a pro se brief on appeal. Plummer filed the clerk's record but,
as the majority states, did not file a reporter's record of the trial court proceedings. (1) 
Because I disagree with the summary dismissal of Plummer's brief as inadequate, I do
not join the majority opinion. However, because I reach the same result, I join the
judgment. 

I. APPLICABLE LAW

 The majority affirms on grounds of inadequate briefing. See Tex. R. App. P.
38.1(h). Because the brief articulates arguments in support of the points of error
raised and provides references to authorities, I conclude the brief is adequate. Tex. R.
App. P. 38.9. Even in the absence of adequate briefing, we are authorized, under
appropriate circumstances, to "consider the appeal without briefs, as justice may
require." Tex. R. App. P. 38.8(b)(4). The clear import of the rules is to "ensure that
the appellant's rights are protected." (2) Id. 

 Moreover, in the absence of a reporter's record, we must proceed to a decision
based upon the contents of the clerk's record and the law. (3) See Tex. R. App. P.
37.3(c) (authorizing the appellate court to "consider and decide those issues or points
that do not require a reporter's record for a decision"); Whitaker v. State, 160 S.W.3d
5, 8 (Tex. Crim. App. 2004) (reviewing denial of post-conviction petition without a
reporter's record); Rivera v. State, 89 S.W.3d 55, 58-59 (Tex. Crim. App. 2002). 
Rule 37.3(c) directs us to address those points of error that do not need the reporter's
record for decision. See In re Spiegel, 6 S.W.3d 643, 646 (Tex. App.-Amarillo, no
pet.). Implicit in the rule is the notion that, when the reporter's record is not before
us and the point of error depends upon matters within that record, we may overrule
or reject it. Id. 

II. THE RECORD

 The clerk's record shows that the stop and search were videotaped. (4) The State
had previously dismissed the information on grounds that "No probable cause to
search vehicle [sic]. Therefore, the State no longer wishes to prosecute this case." 
On that judicial admission, a trial court (other than the convicting court) dismissed the
case. (5) Four months later, the State re-filed the information. Plummer filed a motion
to set aside the information, a motion to suppress the evidence, and a motion to
dismiss. After an evidentiary hearing on the motions, the trial court denied the motion
to suppress and entered findings of fact and conclusions of law. The docket sheet
shows that the trial court took the motion to dismiss under advisement. On the date
of trial, the trial court entered an order that denied the motion to dismiss. A jury
convicted Plummer and assessed his punishment. This appeal ensued. Plummer filed
an appellate brief and a reply brief. See Tex. R. App. P. 38.1, 38.3. The State filed
an appellee's brief. See Tex. R. App. P. 38.2. 

III. APPLICATION OF THE LAW TO THE RECORD FACTS

A. Motion to Set Aside the Information

 By his first point of error, Plummer asserts that the trial court erred in denying
his motion to set aside the information. In that motion, he asserted a speedy trial
violation based on article 32A.02 of the Texas Code of Criminal Procedure. 

 Article 32A.02 was declared unconstitutional by the Texas Court of Criminal
Appeals in Meshell v. State, 739 S.W.2d 246, 257 (Tex. Crim. App. 1987). See
Hernandez v. State, 751 S.W.2d 513, 514 (Tex. App.-Corpus Christi 1988, no pet.). 
The right to a speedy trial is subject to a balancing test to determine whether the right
has been abridged. Barker v. Wingo, 407 U.S. 514, 530 (1972); Shaw v. State, 117
S.W.3d 883, 887 (Tex. Crim. App. 2003) (citing Barker, 407 U.S. at 530). The court
should inquire about (1) the length of the delay, (2) reasons for the delay, (3) the
circumstances of the defendant's assertion of the right, and (4) any prejudice that
resulted from the delay. Shaw, 117 S.W.3d at 887. 

 The reporter's record is necessary to measure the trial court's decision against
the evidence proffered, if any, in support of Plummer's motion. Tex. R. App. P.
37.3(c); Whitaker, 160 S.W.3d at 8. Without the reporter's record, I would overrule
Plummer's first point of error.

B. Motion to Suppress

 By his second point of error, Plummer asserts that the trial court erred in
denying his motion to suppress. He argues, in part, that article 38.23 precludes
admission at trial, and the jury's consideration of, illegally seized evidence. See Tex.
Code Crim. Proc. Ann. art. 38.23(a), (b) (Vernon 2003). Germane to his argument is
that the initial information was dismissed on grounds that the State had no probable
cause to search the vehicle and he was harmed by the admission of the evidence. 
Plummer argues that, at trial, he did not participate in the line of questioning regarding
the legality of the traffic stop, probable cause, and consent to search ostensibly so as
not to forfeit error. 

 The trial court's findings of fact and conclusions of law span three pages in the
clerk's record. The trial court recites the testimony at the evidentiary hearing and
observations gleaned from the video recording of the stop. Two separate findings of
fact demonstrate that the trooper testified Plummer gave consent to search the
vehicle, although the video recording did not reflect the initial consent due to audio
problems. However, Plummer "proceeds to re-affirm the fact that he gave consent to
search the car because it was the right thing to do." In part, in its conclusions of the
law, the trial court found that (1) the trooper had probable cause to stop Plummer's
vehicle because he was traveling in excess of the posted speed limit, (2) Plummer
knowingly, intentionally gave consent to search for drugs, (3) the search of the vehicle
was with consent, (4) the trooper had probable cause to arrest Plummer for the
charged offense, and (5) the evidence seized "is the product of a valid search and is
admissible." 

 In reviewing the trial court's decision, I must employ the familiar bifurcated
standard of review articulated in Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997). (6) Under this standard, review of the trial court's determination of
historical facts, although deferential, must be "supported by the record." Id. Similarly,
the application-of-law-to-fact questions that do not turn on credibility and demeanor
must be reviewed de novo. Id. Without a reporter's record, the propriety of the trial
court's ruling is not possible. See Tex. R. App. P. 37.3(c). Further, the record does
not show that Plummer requested the trial court to include the article 38.23 instruction
in the jury charge or that he objected to the charge for its omission. Thus, I would
overrule Plummer's second point of error. 

C. Invalid Warrant

 By his third point of error, Plummer asserts that the trial court erred by not
dismissing the warrant that was issued (1) on the basis of tainted evidence because,
essentially, the State had previously concluded probable cause was lacking, and (2)
by other than the court having jurisdiction over the case in violation of article 23.04. 
See Tex. Code Crim. Proc. Ann. art. 23.04 (Vernon 1989). Plummer's motion to
dismiss encompassed his complaint on appeal. The trial court entered an order
denying the motion. The order shows that the trial court convened a hearing and
Plummer appeared. However, the order does not address the present claim. Even
assuming Plummer presented the complaint to the trial court, the clerk's record does
not demonstrate he secured a ruling. See Tex. R. App. P. 33.1(a)(2). Thus, I would
overrule Plummer's third point of error.

D. Double Jeopardy 

 By his fourth point of error, Plummer asserts that the trial court erred in denying
his motion to dismiss on grounds of double jeopardy. He maintains that, because the
State moved and the trial court previously dismissed the information, double jeopardy
protections applied. He relies on Sanchez v. State, 845 S.W.2d 273 (Tex. Crim.
1992) as relevant precedent. 

 In Sanchez, the reviewing court had the benefit of a reporter's record. (7)
 See id.
at 275. In this case, the trial court's order contains its findings with respect to the
jeopardy claim. One of the findings states that, at the time the trial court dismissed
the original information, "no trial had been scheduled thus no jury panel had been
impaneled or sworn nor had any witnesses in a non-jury trial been sworn." Further,
the order recites, "There had been no conviction or acquittal of the offense. Nor was
the reason for dismissal insufficient evidence. Accordingly, jeopardy had not
attached."

 The order dismissing the original information is in the record and shows that
another trial court dismissed on grounds other than insufficient evidence. However,
a determination of the propriety of the remaining relevant findings and conclusions of
law requires a reporter's record of the proceedings. See Tex. R. App. P. 37.3( c). 
Thus, I would overrule Plummer's fourth issue.

E. Brady

 By his fifth point of error, Plummer asserts that the trial court erred in failing to
dismiss the case because the State failed to provide him exculpatory evidence and,
thus, violated the mandate in Brady v. Maryland, 373 U.S. 83, 87 (1963). (8)
 The State
responds that Plummer's concession that he announced ready for trial defeats his
Brady claim. 

 Prosecutors are prohibited from suppressing facts or secreting witnesses who
may establish the innocence of the accused. Tex. Code Crim. Proc. Ann. art. 2.01
(Vernon Supp. 2005). Review of a prosecutor's alleged failure to disclose exculpatory
evidence requires the reviewing court to (1) employ a materiality standard rather than
a constitutional harmless-error standard in evaluating the evidence; and (2) determine
the materiality of the evidence in light of all other evidence properly introduced at trial. 
Hampton v. State, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002). The reviewing court
considers any adverse effect that the prosecutor's non-disclosure might have had on
the preparation or presentation of the accused's case. Thomas v.State, 841 S.W.2d
399, 405 (Tex. Crim. App. 1992). The reviewing court assesses the possibility that
an adverse effect might have occurred in light of the totality of the circumstances and
with an awareness of the difficulty of reconstructing in a post-trial proceeding the
course that the defense and the trial would have taken had the defense not been
misled by the prosecutor's failure to disclose. Id. This determination is made after
examining the alleged error in the context of the overall strength of the State's
case.  See id. 

 To apply the standards of review applicable to, and decide, claimed Brady error,
a reporter's record is necessary. Because such a record is not before this Court, I
would overrule Plummer's fifth issue presented. See id.

F. Remaining Points

 In subsidiary points, Plummer raises factual sufficiency and due process claims. 
Plummer couches his due process claims in the context of his Brady and double
jeopardy claims. I have already determined that a reporter's record is necessary with
respect to those claims. Similarly, a factual sufficiency decision requires applying
relevant standards to the evidence adduced at trial. In a factual sufficiency review, the
appellate court views all the evidence in a neutral light, both for and against the
finding, and sets aside the verdict if "proof of guilt is so obviously weak as to
undermine confidence in the jury's determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof." Vodochodsky v.
State, 158 S.W.3d 502, 510 (Tex. Crim. App. 2005) (citing Johnson v. State, 23
S.W.3d 1, 11(Tex. Crim. App. 2000); Zuliani v. State, 97 S.W.3d 589, 593-94 (Tex.
Crim. App. 2003)). Without a reporter's record, the factual sufficiency claim cannot
be determined. See Tex. R. App. P. 37.3(c). Thus, I would overrule Plummer's
remaining subsidiary points of error. 

IV. CONCLUSION

 Having found no error of law in the record, I join the judgment but not the
opinion of the majority. 


 

 ERRLINDA CASTILLO

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Concurring Memorandum Opinion delivered 

and filed this 3rd day of August, 2006.
1. The prosecuting attorney previously requested we abate the appeal and order Plummer to file
the reporter's record. As of this writing, that motion has not been decided. 
2. Whether or not indigency is a factor, we are called upon to apply the rules equally "as justice
may require." See Tex. R. App. P. 38.8(b)(4). 
3. I am mindful that it is an appellant's responsibility to properly initiate the process of securing
a reporter's record. See Tex. R. App. P. 35.3(b). 
4. Plummer filed a motion to transfer the original exhibits and documents to this Court, and that
motion was denied. 
5. See Bryant v. State, 187 S.W.3d 397, 400 (Tex. Crim. App. 2005) ("[a] fact that is judicially
admitted needs no evidence from the party benefitting by the admission . . . the fact is thereafter to be
taken for granted; so that the one party need offer no evidence to prove it, and the other is not allowed
to disprove it") (citations omitted)). A jury note in the clerk's record asked, "Is the judicial process
relevant in this case-grounds to dismiss?" The trial court instructed that the jury consider culpability
only. 
6. Under Guzman, the relevant standard of review depends on the type of question presented. 
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We must afford almost total deference
to the trial court's determination of the historical facts that are supported by the record, especially
where the determination is based on an evaluation of credibility and demeanor. Id. We also afford
almost total deference to the trial court's application of the law to the facts, where the application turns
on an evaluation of credibility and demeanor. Id. Where the application of the law to the facts does
not revolve around an evaluation of credibility and demeanor, we review the issue de novo. Id. 
However, in such a case we still afford deference to the trial court's determination of the subsidiary fact
questions. Id.
7. The Texas Court of Criminal Appeals held: "In fact, the trial court's findings and
conclusions/agreed statement of facts simply indicates that appellant was arraigned on that date and
entered a plea of 'not guilty.'" Sanchez v. State, 845 S.W.2d 273, 275 (Tex. Crim. App. 1992). 
"Thus, there was no attachment of jeopardy on that date in the absence of evidence of an
announcement of ready by both parties per [appellant]." Id. 

8. The prosecution has no duty to turn over evidence not in its possession or not known to exist. 
State v. Blanco, 953 S.W.2d 799, 802-03 (Tex. App.-Corpus Christi 1997, pet. ref'd) (citing Hafdahl
v. State, 805 S.W.2d 396, 399 n.3 (Tex. Crim. App. 1990)). Although the prosecution has no duty
to turn over evidence not in its possession or not known to exist, the prosecution does have a duty to
learn of any favorable evidence known to others acting in the case on the State's behalf, including the
police. Blanco, 953 S.W.2d at 802-03 (citing Kyles v. Whitley, 514 U.S. 419, 419 (1995)). 


 A Brady violation occurs if: (1) the State failed to disclose evidence, regardless of the
prosecution's good or bad faith; (2) the withheld evidence is favorable to the defendant; and (3) the
evidence is material, that is, there is a reasonable probability that had the evidence been disclosed, the
outcome of the trial would have been different. Ex parte Richardson, 70 S.W.3d 865, 870 (Tex. Crim.
App. 2002); Thomas v.State, 841 S.W.2d 399, 404 (Tex. Crim. App. 1992). To show prejudice, an
appellant must show a reasonable probability that the result of the proceeding would have been different
had the State timely disclosed the evidence to the defense. Little v. State, 991 S.W.2d 864, 866 (Tex.
Crim. App. 1999). A defendant in a criminal case must be granted a new trial when evidence tending
to establish the defendant's innocence has been intentionally withheld, thus preventing its production
at trial. Tex. R. App. P. 21.3(e).